IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. KULBICKI, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-16-1638 |
| WARDEN R. GRAHAM, et al., | * | |
| Respondents. | * | |

## MEMORANDUM OPINION

Respondents filed a Limited Response to this Court's Order to Show Cause asserting that Petitioner's request for stay and abeyance of the above-entitled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 is unwarranted. ECF 10. Petitioner filed a Reply. ECF 11. For the reasons stated below, stay and abeyance shall be denied.

Also pending is Petitioner's Motion to Appoint Counsel. ECF 9. Under Rule 8(c) of the Federal Rules Governing §2254 Habeas Corpus[1] cases, "[i]f an evidentiary hearing is required the judge shall appoint counsel for a petitioner who qualifies for the appointment of counsel." No evidentiary hearing is deemed necessary in this case; therefore, Petitioner's Motion to Appoint Counsel shall be denied.

Petitioner is currently serving life without parole plus 20 years consecutive for the January 9, 1993 first degree murder of Gina Nueslein and a related handgun offense. See Kulbicki v. State, 207 Md. App. 412, 416 –21 (2012). Nueslein had an affair with Petitioner and was seeking child support through court proceedings for their 18-month-old son at the time of her death. Id. Petitioner was convicted on October 20, 1993, in the Circuit Court for Baltimore County, following a jury trial. Id.

---

[1] See also Rule 1(b) permitting this Court to apply any or all of the rules governing §2254 cases to habeas corpus petitions not otherwise covered by the rules.

On direct appeal, the Court of Special Appeals of Maryland reversed and remanded the case for a new trial on an issue not connected with matters now pending before any court. See Kulbicki v. State, 102 Md. App. 376 (1994). Petitioner was again tried before a jury in 1995. During the second trial, evidence related to comparative bullet lead analysis (CBLA) and ballistics was introduced through the testimony of the State's expert witness, Joseph Kopera, in addition to other circumstantial evidence. See Kulbicki, 207 Md. App. at 424–27. Petitioner was again convicted of first degree murder and a handgun charge and was re-sentenced to life imprisonment without possibility of parole plus 20 years consecutive. Id. at 416–17, 428.

Petitioner appealed his second conviction to the Court of Special Appeals, which resulted in an unreported opinion issued on December 20, 1996, affirming his convictions. Id. at 416. The Court of Appeals denied Petitioner's request for certiorari review. Kublbicki v. State, 345 Md. 236 (1997).

While the Petition for Writ of Certiorari was still pending in the Court of Appeals, Petitioner filed for post-conviction relief in the Circuit Court for Baltimore County on February 24, 1997. See Kulbicki, 207 Md. App. at 417, 428. The petition remained pending for ten years and Petitioner amended his claims on six occasions. Id. A five-day hearing was held in April of 2007. Id. In a written decision issued on January 2, 2008, the Circuit Court denied post-conviction relief. Id.

Petitioner filed an application for leave to appeal the denial of post-conviction relief, resulting in a reported opinion issued on September 26, 2012, from the Court of Special Appeals affirming the denial of post-conviction relief. See Kublicki v. State, 207 Md. App. 412 (2012). The Maryland Court of Appeals granted Petitioner's request for certiorari review. See Kublicki v. State, 430 Md. 344 (2013) (table). In an unpublished opinion, the Court of Appeals reversed the decision of the Court of Special Appeals and granted Petitioner a new trial based on its view

2

that he was provided ineffective assistance of counsel when defense counsel failed to challenge the validity of the science behind CBLA evidence produced by the State.  See Maryland v. Kulbicki, 136 S.Ct. 2 (2015).  The State sought review in the United States Supreme Court and on October 5, 2015, the Supreme Court reversed the judgment of the Court of Appeals and found that trial counsel was not constitutionally ineffective.  Id.

When the case was returned to the Maryland Court of Appeals, Petitioner sought an order remanding his case or in the alternative staying the matter pending his filing a petition for writ of actual innocence.  On December 17, 2015, the Court of Appeals denied the requested relief and summarily affirmed the judgment of the Court of Special Appeals affirming the denial of post-conviction relief.  See Kulbicki v. State, 445 Md. 451 (2015).

On July 1, 2016, Petitioner filed, through counsel, a petition for writ of actual innocence in the Baltimore County Circuit Court.  ECF 5-1.  The instant Petition for Writ of Habeas Corpus was filed on May 24, 2016, but asserted no substantive claims.  Rather, Petitioner simply sought to file a protective petition to insure that he would not be foreclosed from filing a federal habeas corpus petition based on his belief that the petition for writ of actual innocence does not toll the limitations period found in 28 U.S.C. § 2244(d).  ECF 1 and 11.  After he was granted 28 days to amend his petition (ECF 2), Petitioner filed an amended petition asserting his conviction was based on unreliable comparative bullet lead analysis; his right to due process was violated by the State's use of perjured testimony regarding Joseph Kopera's educational background; trial counsel was ineffective with regard to scientific evidence introduced by the State; and the State violated Brady v. Maryland, 373 U.S. 83, 87 (1963).  ECF 3.

The Rhines decision allows a Petitioner able to demonstrate good cause for failing to exhaust a claim to return to state court to present the unexhausted claim while the federal habeas petition remains stayed.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  A stay is available only in

3

limited circumstances, and is appropriate only for good cause, where the unexhausted claims are potentially meritorious and no dilatory tactics are shown. *Id*. Even if a Petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant a stay if the unexhausted claims are plainly meritless. Rhines, 544 U.S. at 277. A stay and abeyance may be used for a mixed petition and where all potential claims are unexhausted. See Hyman v. Keller, No. 10-6652, 2011 WL 3489092 (4th Cir. 2011) citing Rhines, 544 U.S. at 269; Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005); Heleva v. Brooks, 581 F.3d 187, 191-92 (3rd Cir. 2009).

In the instant case, the sole purpose stated by Petitioner for the stay and abeyance is to insure the federal habeas petition is filed in a timely manner. There does not appear to be a claim asserted by Petitioner that has not been exhausted and is currently pending in the state court. The one-year filing limitation for federal habeas relief has not yet expired in this case if the currently pending petition for writ of actual innocence is a properly filed collateral attack on the underlying conviction under 28 U.S.C. §2244(d). There has only been a period of 197 days during which Petitioner has not had a pending appeal or post-conviction proceeding in state court, leaving 168 days of the filing period which has not yet expired.

Respondents assert that under Wall v. Kholi, 562 U.S. 545 (2011), the petition for writ of actual innocence is a properly filed petition that tolls the limitation period under §2244(d). ECF 10 at 9–9. Petitioner takes a different view and asserts that because the actual innocence writ is only available for certain types of convictions, it does not operate to toll the filing period. ECF 11. The Supreme Court examined the meaning of "collateral review" in Kholi and observed that it means "a judicial examination of a judgment or claim in a proceeding outside of the direct review process." Id. at 553. The Court cited examples such as habeas corpus and coram nobis proceedings as fitting the definition of collateral review. Id. At issue in Kholi was whether a

motion to reduce sentence under Rhode Island law met the definition of collateral review. In finding that the motion operated to toll the limitations provision, the Court noted that the motions are not a part of the direct review process; are subject to limited appellate review; and permits the trial court to provide relief from a sentence if it is an illegal sentence or was imposed in an illegal manner. Id. at 554. In considering such a motion, the Rhode Island trial courts are "guided by several factors, including '(1) the severity of the crime, (2) the defendant's personal, educational, and employment background, (3) the potential for rehabilitation, (4) the element of societal deterrence, and (5) the appropriateness of the punishment.'" Id. at 556 (quoting State v. Mollicone, 746 A.2d 135, 138 (R.I. 2000)). The Rhode Island appellate courts are permitted to "disturb the trial justice's decision when the trial justice has imposed a sentence that is without justification and is grossly disparate from other sentences generally imposed for similar offenses." Id. (internal quotation omitted).

Under Maryland law, a petition for writ of actual innocence is "collateral" inasmuch as it is not a part of the direct appellate review of Petitioner's conviction. The court considering the petition is empowered to "set aside the verdict, resentence, grant a new trial, or correct the sentence, as the court considers appropriate." Md. Crim. Proc., Code Ann. §8-301(f)(1) (West 2016). The court must state its reasons for granting or denying relief on the record. Id. at §8-301(f)(2). The remedy is available to "a person charged by indictment or criminal information with a crime triable in circuit court and convicted of that crime" who "claims that there is newly discovered evidence that creates a substantial or significant possibility that the result may have been different . . . [that] could not have been discovered in time to move for a new trial." Id. §8-301(a). If a petition for writ of actual innocence is denied, the decision may be appealed to the state appellate courts. See Douglas v. State, 423 Md. 156, 171 (2011). In essence, the actual innocence writ is a post-conviction petition that is limited in the type of claim that may be raised.

As such, it qualifies as "collateral review" for purposes of tolling the one-year filing limitation under §2244(d). So long as Petitioner returns to this Court within 168 days of the date his claims raised in the petition for actual innocence are finally litigated, a federal petition under §2254 will be timely filed.

Thus, stay and abeyance of the instant petition is not necessary to insure the timeliness of the claims asserted, nor is it necessary for purposes of exhaustion of those claims asserting a federal constitutional claim. In the event Petitioner is successful in obtaining a writ of actual innocence and he is re-tried, the claims raised in this habeas corpus petition will no longer be relevant and the entire process begins anew. In the event he is unsuccessful, he need only file the same petition he filed in this case (ECF 3) within 168 days of the date state court review terminates through appellate review or expiration of the time to seek appellate review.

In light of this Court's determination that stay and abeyance is not appropriate in this case, Petitioner will be granted a brief period of time to inform the Court whether he wishes to withdraw the petition or proceed. In the event Petitioner does not timely inform the Court of his intent, the petition will be dismissed without prejudice and without further notice. A separate Order follows.

Entered this 20th day of January, 2017

/s/
_____
George L. Russell, III
United States District Judge